IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VERGERON WYATT                                                    PLAINTIFF

v.                                 Civil No. 4:23-cv-04039-SOH-BAB

DARRELL ELKIN, APRN;
JOHN OR JANE DOE MEDICAL STAFF;
and CATHY FINCHER                                               DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's failure to prosecute. Pursuant to the provisions of 28 U.S.C.

§ 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I.    BACKGROUND

Plaintiff, Vergeron Wyatt, originally submitted this 42 U.S.C. 1983 action *pro se* on April

12, 2023. (ECF No. 1). The Court provisionally filed Plaintiff's Complaint and ordered Plaintiff

to file an amended complaint and an application to proceed *in forma pauperis* ("IFP"). In this

Order, Plaintiff was specifically advised:

> Plaintiff is advised that he is required to immediately inform the Court of any change of
> address. **If Plaintiff is transferred to another jail or prison or released, he shall have
> 30 days from the date of transfer or release in which to notify the Court of his new
> address** . . . **The case will be subject to dismissal if Plaintiff fails to inform the Court
> of an address change.**

(ECF No. 3) (emphasis in original).

On May 10, 2023, the Court granted Plaintiff IFP status and again advised Plaintiff he was required to keep the Court apprised of his current address. The Court again explained the failure to do so would result in dismissal of his case. (ECF No. 7).

On September 30, 2024, the Court entered an Order staying discovery in this matter and directing Defendants to file Motions for Summary Judgment on the limited issue of exhaustion by November 29, 2024. (ECF No. 37).

Defendant Elkin filed a Motion for Summary Judgment on both the issue of exhaustion and the merits on December 5, 2024. (ECF Nos. 46-48). Plaintiff responded on January 14, 2025 and January 29, 2025. (ECF No. 52, 55). Defendant Fincher filed a Notice stating she would not file a Motion for Summary Judgment on the limited issue of exhaustion. (ECF No. 49).

On March 27, 2025, the Court issued an Order denying Plaintiff's Motion to Supplement his Complaint. (ECF No. 56). This Order was sent to Plaintiff at his address of record but returned as undeliverable mail on April 8, 2025. (ECF No. 57).

In an abundance of caution, the Court issued an Order to Show Cause directing Plaintiff to respond by June 3, 2025. (ECF No. 58). This Order to Show Cause was mailed to Plaintiff's address of record and also returned as undeliverable mail on May 27, 2025. (ECF No. 59).

The Court does not have a current address of record for Plaintiff, and Plaintiff has not communicated with the Court since January 29, 2025. (ECF No. 55).

## II.    DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

> monitor the progress of the case, and to prosecute or defend the action diligently.
> . . . If any communication from the Court to a *pro se* plaintiff is not responded to
> within thirty (30) days, the case may be dismissed without prejudice. Any party
> proceeding *pro se* shall be expected to be familiar with and follow the Federal
> Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful
> disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court
> must consider] . . . whether in the particular circumstances of the case, the needs of the
> court in advancing a crowded docket and preserving respect for the integrity of its internal
> procedures are sufficient to justify the harsh consequences of forever denying a litigant of
> his day in court. However, the [Court] need not [find] that appellant acted in bad faith,
> only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders to keep his address up to date. However, the Court cannot determine Plaintiff's failure is willful

warranting dismissal with prejudice.  Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice here.

Furthermore, Defendant Elkin's pending Motion for Summary Judgment should be denied as moot and without prejudice.  First, this dismissal for Plaintiff's failure to comply with Court orders moot the pending Motion.  Additionally, any attempt by Defendant Elkin to move for dismissal on the merits of Plaintiff's claims is premature.  Discovery in this matter was stayed by the Court's September 30, 2024 Order.  (ECF No. 37).  The parties cannot be expected to file or respond to motions for summary judgment on the merits without an opportunity for discovery.

### III.    CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** and Defendant Elkin's Motion for Summary Judgment (ECF No. 46) be **DENIED as MOOT WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 6th day of June 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE